

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~JOHN BEN SHEPPERD~~
~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS

Honorable G. A. Walters
County Attorney
San Saba County
Sansaba, Texas

Dear Sir:

Opinion No. 0-2632-A
Re: Democratic nominee for office
of county attorney--ineligible
candidate receiving majority of
votes cast.

This will acknowledge receipt of your letter of August 23, 1940, requesting a supplement to Opinion No. 0-2632 with respect to whether or not the present incumbent should be certified as the Democratic nominee for the office of County Attorney.

The facts are that two men were candidates for the Democratic nomination for the office of county attorney. An ineligible candidate received a majority of the votes cast and the incumbent received the second largest number.

In Allen vs. Fisher, 118 Tex. 38, 9 S.W. (2d) 731, three men including the incumbent were candidates for the office of district attorney. The candidate receiving the largest number of votes was ineligible for the office and the second high man, the incumbent, deemed himself the nominee. However the court said:

"Under the provisions of Article 3102 of the statutes, no candidate for the office of district attorney is entitled to have his name go on the official ballot at the general election in November, as the nominee of the Democratic party, unless, in the primary election held by that party, he receives a majority of the votes cast for all the candidates for said nomination. The allegations of the plaintiff's petition show that the plaintiff, as candidate for the nomination for district attorney, did not receive such a majority in either the July or the August primary election. Regardless, therefore, of whether Braly is eligible or not, the plaintiff cannot be declared the Democratic nominee for that office. For, notwithstanding a candidate be ineligible to the office he seeks, and thereby disqualified to be nominated therefor, and is known by the voters to be so, the votes cast for him must be taken into account in determining whether or not his opponent has received a majority of the votes cast. McCrary on Elections (4th Ed.) § 330; 20 C.J. p. 207, and authorities cited in footnote 43."

It is clear that under the case of Allen vs. Fisher, supra, votes cast for an ineligible candidate must be considered in determining whether or not an eligible one has received a majority. You are therefore respectfully advised that it is the opinion of this department that under the facts given in your letter the present incumbent is not the Democratic nominee for the office of county attorney.

For your information the correct citation for the case of Callaghan vs. Tobin, is 40 Tex. Civ. App. 441, 90 S.W. 328. For your further information in Opinion No. O-2632 we cited a previous opinion by this department, No. 2285. This opinion request was withdrawn prior to the issuance of the opinion. Opinion No. O-2632 will supplant No. O-2285 as authority for the holding therein.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ James D. Smullen

James D. Smullen
Assistant

APPROVED AUG 31, 1940
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By B W B
Chairman

JDS:db:egw